UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALFRED MCZEAL, ET AL.                                CIVIL ACTION

VERSUS

STATE OF LOUISIANA, ET AL.                           NO. 19-517-SDD-RLB

### ORDER

Before the Court are Plaintiffs' Motion to Strike Under Rule 12(c) of the Federal Rules of Civil Procedure (R. Doc. 6) and Motion to Strike under Rule 12(f) of the Federal Rules of Civil Procedure (R. Doc. 7). The motions are opposed. (R. Doc. 9).

This is a purported class action in which Plaintiffs are seeking relief for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Fair Debt Collections Practices Act ("FDCPA"), federal civil rights laws (42 U.S.C. §§ 1981, 1983, and 1985), and for state law fraud (La. Civ. Code art. 1953). (R. Doc. 1).

On September 6, 2019, Defendants filed a Motion to Dismiss asserting that the Court lacks subject matter jurisdiction because Plaintiffs' claims are barred by Eleventh Amendment immunity. (R. Doc. 5). There is no dispute that Defendants mailed a copy of the motion to Plaintiffs for the purposes of service on September 9, 2019. (*See* R. Doc. 7-2; R. Doc. 9 at 3).

On September 16, 2019, Plaintiffs filed the instant Motions to Strike. (R. Docs. 6, 7). Plaintiffs seek an order striking Defendants' Motion to Dismiss from the record on the basis that Defendants did not mail a copy of the Motion to Dismiss until three days after the motion was filed into the record. Plaintiffs' second Motion to Strike incorporates a merit-based opposition to Defendants' Motion to Dismiss. (*See* R. Doc. 7 at 3-11).

Neither Rule 12(c) nor Rule 12(f) provides a mechanism for striking or otherwise denying Defendants' Motion to Dismiss.  Rule 12(c) allows a party to move for judgment on the pleadings after the pleadings are closed.  Plaintiffs are not moving for judgment on the pleadings and the time for filing pleadings in this action is not closed.  Rule 12(f) authorizes district courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).[1]  A motion to dismiss for lack of subject matter jurisdiction is not a "pleading" as defined by Rule 7 of the Federal Rules of Civil Procedure.  There is also

Furthermore, the timing of Defendants' service of the Motion to Dismiss does not provide a basis for striking or otherwise denying that motion.  Rule 5, which governs the service of motions, does not provide a deadline for service of a motion by mail after it is filed.  Instead, the rule provides that the mailing of a motion to a person's last known address constitutes service of a motion "in which event service is complete upon mailing." *See* Fed. R. Civ. P. 5(b)(2)(C).

There is no dispute that Defendants mailed a copy of the Motion to Dismiss to Plaintiffs on September 9, 2019.  Service of the motion was complete upon its mailing. *See* Fed. R. Civ. P. 5(b)(2)(C).  Under the Court's local rules, the 21-day deadline for Plaintiffs to respond to the motion was triggered upon service of the motion, not the filing of the motion in the record. LR 7(f) ("Each respondent opposing a motion shall file a response, including opposing affidavits, and such supporting documents as are then available, within twenty-one days *after service of the motion*.") (emphasis added).  In addition, Plaintiffs were provided an additional 3 days to respond because service of the motion was by mail. *See* Fed. R. Civ. P. 6(d).  Accordingly, the

---

[1] A motion to strike is a "'drastic remedy' that is 'disfavored' by courts and generally require a showing of prejudice to the moving party." *Becnel v. Mercedes-Benz USA, LLC*, No. 14-0003, 2014 WL 4450431 (E.D. La. Sept. 10, 2014).

2

deadline for Plaintiffs to file an opposition to Defendants' Motion to Dismiss was October 3, 2019.

For the foregoing reasons, the Court finds no basis for striking Defendants' Motion to Dismiss. The Court acknowledges, however, that Plaintiffs timely opposed the motion. (*See* R. Doc. 7 at 3-11). The Court will consider Plaintiffs' arguments in addressing the merits of Defendants' Motion to Dismiss.

Based on the foregoing,

**IT IS ORDERED** that Plaintiffs' Motions Motion to Strike (R. Docs. 6, 7) are **DENIED**. Defendants' Motion to Dismiss (R. Doc. 5) remains pending. Plaintiffs are deemed to having timely opposed Defendants' Motion to Dismiss. (*See* R. Doc. 7 at 3-11).

**IT IS FURTHER ORDERED** that Defendants may, without obtaining further leave of court, file a reply memorandum in support of their Motion to Dismiss, not to exceed 10 pages, within **14 days** of the date of this Order.

Signed in Baton Rouge, Louisiana, on June 9, 2020.

 **RICHARD L. BOURGEOIS, JR.**
 **UNITED STATES MAGISTRATE JUDGE**