## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**ALFRED MCZEAL, ET AL.**                                  **CIVIL ACTION**

**VERSUS**

                                                                                **NO. 19-517-SDD-RLB**

**STATE OF LOUISIANA, ET AL.**

## NOTICE

      Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

      In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

      **ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

      Signed in Baton Rouge, Louisiana, on October 27, 2020.

                                                   **RICHARD L. BOURGEOIS, JR.**
                                                   **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALFRED MCZEAL, ET AL.                                              CIVIL ACTION

VERSUS

                                                                      NO. 19-517-SDD-RLB

STATE OF LOUISIANA, ET AL.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Motion to Dismiss (R. Doc. 5) filed by Defendants, State of Louisiana, Office of Group Benefits, Louisiana Office of Debt Recovery, Charlotte Hawkings, and Mark E. Falcon. The Motion is Opposed. (R. Doc. 7). The matter was referred to the undersigned for this report and recommendation. (R. Doc. 12).

**I.    Background**

This is a purported class action in which Plaintiffs are seeking relief for violations of the Fair Debt Collections Practices Act ("FDCPA") (Count 1), fraud (Count 2), violations of Civil Rights pursuant to 42 U.S.C. §§ 1983, 1985, 1986, and 1988 (Count 3), the Racketeer Influenced and Corrupt Organizations Act ("RICO") (Count 4), the Louisiana Fair Debt Collections Practices Act (Count 5), negligence (Count 6), negligent misrepresentation (Count 7), civil conspiracy (Count 8), the Louisiana Unfair Trade Practices Act ("LUTPA") (Count 9), unjust enrichment (Count 10), intentional infliction of mental distress (Count 11), invasion of privacy (Count 12), and seek declaratory judgment regarding same (Count 13). (R. Doc. 1 at 31-43).

Plaintiffs allege, on behalf of themselves and others similarly situated, that they had health insurance with the State of Louisiana, Office of Group Benefits from 2015 to 2019. (R. Doc. 1 at 6). Plaintiffs allege that, due to a computer error, they were sent bills and collection notices when premiums went unpaid. (R. Doc. 1 at 6). From the December 17, 2018

correspondence attached to Plaintiffs' Complaint, it appears that the Office of Group Benefits informed Plaintiff Lenora Wilson that its computer system had failed to deduct monthly health coverage premiums as instructed, and sought to collect the past amounts uncollected. (R. Doc. 1 at 51). Plaintiffs allege that Defendants attempted to collect certain purportedly fraudulent debts, participating in a civil conspiracy to do so, knowing at all times of the purported computer error. (R. Doc. 1 at 12). As a result of the damages allegedly sustained by Plaintiffs, they seek $1.77 billion in recovery. (R. Doc. 1 at 46).

**II.    Law and Analysis**

    **A.    Legal Standard**

"Federal courts have limited jurisdiction, and a claim is properly dismissed for lack of subject matter jurisdiction when the court lacks statutory or constitutional power to adjudicate the claim." *Crawford v. U.S. Dep't of Homeland Sec.*, 245 Fed. App'x 369, 374 (5th Cir. 2007) (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). A motion to dismiss filed pursuant to Rule 12(b)(1) "allow[s] a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The district court may base its determination as to its subject matter jurisdiction on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* "The burden of establishing subject matter jurisdiction in federal courts rests on the party seeking to invoke it." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

**B.    Analysis**

Defendants seek dismissal on the grounds of lack of subject matter jurisdiction because "all of Plaintiff's claims are barred by Eleventh Amendment immunity." (R. Doc. 5 at 1). Plaintiffs respond that the Defendants are not immune from suit under the *Ex Parte Young* exception to Eleventh Amendment immunity. (R. Doc. 7 at 6). Plaintiffs have brought suit against the state as well as certain individuals, pursuant to both federal and state laws.

**1.    Plaintiffs' Claims Against the State or State Agencies**

Plaintiffs have named as Defendants the States of Louisiana, Office of Debt Recovery, and the Office of Group Benefits. No party suggests that these Defendants are not state agencies. "Under the Eleventh Amendment, '[a]bsent waiver, neither a State nor agencies acting under its control may be subject to suit in federal court.'" *Cox v. Texas*, 354 Fed. App'x 901, 902 (5th Cir. 2009) (citing *P.R. Aqueduct & Sewer Auth. V. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993)). "[U]nless the state has waived sovereign immunity or Congress has expressly abrogated it, the Eleventh Amendment bars the suit." *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019) (citing *AT&T Commc'ns v. Bellsouth Telecomms. Inc.*, 238 F.3d 636, 644-45 (5th Cir. 2001)).

Here, Plaintiffs' claims against the State of Louisiana, Office of Group Benefits, and Louisiana Office of Debt Recovery cannot survive Defendants' Motion to Dismiss, as those Defendants are the State and state agencies protected from suit in federal court by the Eleventh Amendment, and there is no allegation that those Defendants waived any immunity or that Congress has abrogated such immunity. "A waiver of sovereign immunity is strictly construed and thus must be unequivocally expressed by Congress… Plaintiffs must show such consent, as plaintiffs assert federal jurisdiction is proper." *Kmart Corp. v. Kroger Co.*, 2012 WL 2126953, at *4 (N.D. Miss. June 11, 2012) (citing *Lundeen v. Mineta*, 291 F.3d 300, 304 (5th Cir. 2002)).

3

Courts have made explicit findings that the State has not abrogated its sovereign immunity under the specific theories of recovery in which Plaintiffs seek relief. *See Hines v. Mississippi Dep't of Corr.*, 239 F.3d 366 (5th Cir. 2000) ("Congress has not chosen to abrogate the states' immunity for suits under §§ 1981, 1983, 1985(3)."); *Early v. S.Univ. & Agr. & Mech. Coll. Bd. of Sup'rs.*, 252 Fed. App'x 698, 700-01 (5th Cir. 2007) (applying Eleventh Amendment immunity to claims under §§ 1981, 1985, and 1986); *Wagstaff v. U.S. Dep't of Educ.*, 509 F.3d 661, 664 (5th Cir. 2007) ("Otherwise, because the FDCPA does not contain an unequivocal and express waiver of sovereign immunity, the district court correctly held that it lacked subject matter jurisdiction in this case."); *Treece v. State*, 2000 1480356, at *4 (E.D. La. Oct. 4, 2000) ("Congress has not unequivocally expressed its intention to abrogate the states' sovereign immunity from claims brought pursuant to RICO.") (citing cases).

Eleventh Amendment immunity is also applicable to claims brought against the state or its agencies under state law. *See, e.g., Bernofsky v. Rd. Home Corp.*, 741 F.Supp.2d 773, 778-79 (W.D. La. 2010) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984)) ("In addition to protecting states from suits brought by citizens of other states, it is well-established that the Eleventh Amendment bars a federal court from 'entertain[ing] a suit brought by a citizen against his own State… Eleventh Amendment protection also extends to state law claims brought under pendent jurisdiction."). Generally speaking, "Eleventh Amendment immunity extends not only to States, but also to state agencies and individuals sued in their official capacities." *Simpson v. Texas Dep't of Criminal Justice*, 975 F.Supp. 921, 923 (W.D. Tex. 1997) (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989)). The Fifth Circuit recently stated the following:

> There are three basic elements of an *Ex parte Young* lawsuit. The suit must: (1) be brought against state officers who are acting in their official capacities; (2) seek

4

prospective relief to redress ongoing conduct; and (3) allege a violation of federal, not state, law… an *Ex parte Young* suit must also seek equitable relief—relief that is declaratory or injunctive in nature and prospective in effect.

*Williams On Behalf of J.E. v. Reeves*, 954 F.3d 729, 736 (5th Cir. 2020) (citing *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015)).

Based on the foregoing, the Court lacks subject matter jurisdiction over the federal and state law claims brought against the State of Louisiana, Office of Group Benefits, and Louisiana Office of Debt Recovery. Accordingly, Defendants' Motion to Dismiss (R. Doc. 5) as to the State of Louisiana, Office of Group Benefits, and Office of Debt Recovery should be granted.

### 2. Individual Defendants

The Court then turns to the claims brought by Plaintiffs against the individual Defendants, Charlotte Hawkings and Mark E. Falcon. Plaintiffs bring claims against the individual Defendants under both state and federal law. (R. Doc. 1 at 31-47). Plaintiffs have brought claims against the individual Defendants in their official capacities, and though it is somewhat unclear from Plaintiffs' Complaint whether they have also brought claims against the individual Defendants in their individual capacities, courts construe pleadings of *pro se* petitioners liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Accordingly, the Court will interpret Plaintiffs' Complaint as naming the individual Defendants in both capacities.

As noted previously, Defendants' Motion to Dismiss (R. Doc. 5) is limited to the argument that Eleventh Amendment immunity bars Plaintiffs' action for lack of subject matter jurisdiction. So, the question before the Court is whether the Eleventh Amendment bars suit against the individual Defendants in either their individual or official capacities.

### a.     Individual Defendants in their Official Capacities

"Eleventh Amendment immunity extends to suits for monetary damages against a state official or employee sued in his official capacity." *Lozano v. Jones*, 2017 WL 872678, at *1 (E.D. Tex. Jan. 27, 2017), *report and recommendation adopted*, 2017 WL 903370 (E.D. Tex. Mar. 3, 2017 (citing *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598, 609 (2001)). "Federal claims against state officials or employees in their official capacity are the equivalent of suits against the state." *Lozano*, 2017 WL 872678 at *1 (citing *Ganther v. Ingle*, 75 F.3d 207, 209 (5th Cir. 1996). Thus, to the extent Plaintiffs seek monetary relief from the individual Defendants under federal law, those claims are barred by the Eleventh Amendment.

Plaintiffs also purport to bring a request for declaratory, as opposed to injunctive, relief. More specifically, Plaintiffs seek a declaration (1) on all causes of action in the Complaint; (2) that the acts committed in Exhibit F are fraudulent in business; (3) that the 40 collections letters complained of here are fraudulent in nature; (4) that the alleged debt(s) is/are unenforceable under law; (5) that the alleged debt is unenforceable against Plaintiffs and the class; (6) that the acts are in violation of RICO; and (7) that Defendant's act exceed all bounds of decency in a normal society, and that defendants acts are liable for punitive damages and other consequential damages under law. (R. Doc. 1 at 43). While claims for monetary relief against state officials sued in their official capacity are subject to Eleventh Amendment immunity, claims for prospective declaratory relief are not. *See Aguilar v. Texas Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998).

Here, Plaintiffs explicitly bring claims for declaratory relief, so the question becomes whether the declaratory relief sought is prospective in nature. In *Williams on Behalf of J.E. v.*

6

*Reeves*, 954 F.3d 729 (5th Cir. 2020), the Fifth Circuit noted that, in order to conclude that, "to comply with the dictates of *Ex parte Young*, plaintiffs' lawsuit must allege that the defendants' actions are *currently* violating federal law." (Emphasis in original). Turning to the Complaint, Plaintiffs allege, *inter alia*, that defendants "continue to control the enterprises as of the date of the filing of this lawsuit," and that defendants' alleged willful acts include "threats of continued fraudulent acts," in connection with the mailing of the collection letters. (R. Doc. 1 at 29, 30). Construed liberally, as a court must do in the context of a *pro se* plaintiffs, the Plaintiffs here are requesting prospective declaratory or injunctive relief in the form of an order or judgment prohibiting further allegedly fraudulent debt collection acts. Plaintiffs' claims against the individual Defendants in their official capacities for prospective declaratory or injunctive relief will, therefore, survive Defendants' Motion to Dismiss at this stage.

### b.    Individual Defendants in their Individual Capacities

"As a general rule the Eleventh Amendment does not bar suits against [state] officers in their individual capacities." *Modica v. Taylor*, 465 F.3d 174, 183 (5th Cir. 2006). That is to say, "[i]f a plaintiff is suing an officer only in his or her actual *individual* capacity—as opposed to an individual in his or her *official* capacity—then the suit would not be one against the state at all; thus, there would be no need to carve out an exception such as *Ex Parte Young* from Eleventh Amendment jurisprudence. Instead, when such an official is sued in his or her individual capacity, he or she can raise the defense of *qualified*—as opposed to sovereign—immunity." *Carpenter v. Mississippi Valley State Univ.*, 807 F.Supp. 2d 570, 583 (N.D. Miss. Aug. 10, 2011) (citing *White v. Taylor*, 959 F.2d 539, 544 (5th Cir. 1992)). Having filed a Motion to Dismiss, Defendants have not yet answered the suit, but the Court does note that Defendants' Motion to Dismiss does not raise or brief the question of qualified immunity. Rather, Defendants' Motion

to Dismiss is limited to the issue of Eleventh Amendment immunity. Thus, as a general finding, Defendants' Motion to Dismiss as to Plaintiffs' claims against the individual Defendants in their individual capacities will be denied, notwithstanding certain specific findings below.

Subject to the general rule stated above, the court in *Stramaski v. Texas A&M Eng'g Experiment Station*, 2020 WL 4903917, at *2 (S.D. Tex. Aug. 20, 2020), recently stated the following:

> Nonetheless "a suit nominally against state employees in their individual capacities that *demonstrably* has the *identical* effect as a suit against the state" is barred by the Eleventh Amendment. *Henley v. Simpson*, 527 F. App'x. 303, 306 (5th Cir. 2013) (quotation marks and citation omitted). As the United States Supreme Court has explained: "The Eleventh Amendment bars a suit against state officials [sued in their individual capacity] when the state is the real, substantial party in interest." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984) (internal quotation marks and citation omitted).
> So how do we determine in this case if the State of Texas is the real, substantial party in interest? Generally speaking, "when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit [under the Eleventh Amendment] even though individual officials are nominal defendants." *Henley*, 527 F. App'x at 306 (quotation marks and citation omitted). Still, the determination as to whether the state is the real, substantial party in interest entails a fact-specific inquiry. *See Modica*, 465 F.3d at 183 ("The application of the Eleventh Amendment to suits against state officials in their individual capacity depends on the circumstances.") (quotation marks, citation, and brackets omitted).

Turning to the jurisprudence, courts have found some relevant exceptions to the general rule that the Eleventh Amendment does not bar suits against state employees in their individual capacities.

Defendants specifically argue that the FDCPA claims cannot be maintained against the individual Defendants in their individual capacities because the individual Defendants "are statutorily excluded from being a debt collector." (R. Doc. 5-1 at 2). 15 U.S.C. § 1692a(6)(c) excludes from the meaning of debt collector "any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties." Aside from Defendants' assertion that the individual Defendants are not "debt

8

collectors" within the meaning of the FDCPA, Defendants provide no argument in support of their claim. Reading Plaintiffs' Complaint liberally, Plaintiffs have brought claims that the individual Defendants have acted outside of their official duties, particularly with respect to allegations of fraud, conspiracy, intentional infliction of mental distress, violations of Civil Rights, and RICO claims. In order to make any finding as to whether the individual Defendants' actions were limited to the scope of the performance of their official duties, the Court would have to consider evidence outside of the pleadings and not before the Court. The undersigned cannot conclude at this stage, therefore, that Defendants' actions were limited to those in the performance of their official duties.

Defendants also argue that, with regard to the state law claims, the individual Defendants are immune from the suit because they would be indemnified by the state such that the state is the real party in interest. (R.Doc. 5-1 at 2). As Defendants note, the indemnification provided by the State is subject to the requirement in La. R.S. 13:5108.1 that the state official be free from criminal conduct while engaged in his employment duties. (R. Doc. 5-1 at 2). Here, however, at least some of Plaintiffs' claims appear to suggest a civil component to a criminal charge. For example, Plaintiffs' allege criminal mail fraud, criminal fraud and forgery (R. Doc. 1 at 15), false and fraudulent collections letters in violation of the Louisiana Fair Debt Collection Practices Act (R. Doc. 1 at 35), and unjust enrichment resulting from fraud (R. Doc. 1 at 39). Further, where La. R.S. 13:5108.1 requires that "the act that forms the basis of the cause of action took place while the individual was engaged in the performance of the duties of the individual's… employment with the state," an allegation of criminal conduct would necessarily fall outside of the scope of that limitation. Plaintiffs also allege intentional infliction of mental distress, where the indemnification provision of La. R.S. 13:5108.1 is provided where a plaintiff is "seeking

9

damages filed in any court over alleged *negligence* or other act by the individual." (Emphasis added).

For purposes of addressing whether La. R.S. 13:5108.1 bars the suit against the individual Defendants in their individual capacities based on indemnification, the Court finds that Plaintiffs have raised sufficient allegations of criminal acts that, at the pleadings stage of this litigation, prevent a finding that the State's indemnification would render a bar to Plaintiffs' state law claims against the individual Defendants in their individual capacity where underlying criminal acts are alleged as a basis for the civil relief sought.

### III. Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that the Motion to Dismiss (R. Doc. 5) filed by Defendants be **GRANTED in part** and **DENIED in part** as set forth more fully herein.

Signed in Baton Rouge, Louisiana, on October 27, 2020.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**